1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TERRY KERR, *et al.*,

                                   Plaintiffs,

          v.

ALDRIDGE/PITE LLP, *et al.*,

                                   Defendants.

Case No. 3:21-cv-00147-MMD-CLB

ORDER

## I.    SUMMARY

*Pro se* Plaintiffs Terry Kerr and Dennis Kerr bring numerous claims generally alleging wrongful foreclosure and related misconduct regarding the property located at 2140 Belmont Avenue in Idaho Falls, Idaho (the "Property") against Defendants Aldridge/Pite LLP, Kathryn Moorer, and New Rez c/o PHH Mortgage Services. (ECF Nos. 1, 11 (mentioning the address of the Property in exhibits).) Before the Court are: (1) Moorer and New Rez c/o PHH Mortgage Services (collectively, "PHH Defendants")'s motion to dismiss all of the claims asserted against them (ECF No. 6);[1] and (2) Plaintiffs' motion for summary judgment (ECF No. 11).[2] PHH Defendants also filed a request for judicial notice along with their motion to dismiss. (ECF No. 7.) As further explained below, the Court will grant the motion to dismiss and deny the motion for summary judgment as moot because Plaintiffs' case is barred by the doctrine of claim preclusion. But first, the Court will also mostly grant PHH Defendants' request for judicial notice.

///

///

---

[1]Plaintiffs did not file a response to this motion. PHH Defendants did not file a reply.

[2]PHH Defendants filed a response to this motion. (ECF No. 12.) Plaintiffs did not file a reply.

## II.    REQUEST FOR JUDICIAL NOTICE

The Court first addresses PHH Defendants' request for judicial notice because properly noticeable information attached to it helps fill in some of the substantial gaps in the limited factual allegations included in the Complaint. PHH Defendants primarily ask the Court to take judicial notice of documents filed in federal and state court in Idaho, including decisions by the District of Idaho and the Ninth Circuit Court of Appeals. (ECF Nos. 7-2, 7-3, 7-4, 7-5, 7-6, 7-7, 7-10, 7-11.) Plaintiffs have not opposed. The Court takes judicial notice of these documents filed in or by Idaho state courts, the District of Idaho, and the Ninth Circuit. *See, e.g.*, *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

PHH Defendants also request the Court take judicial notice of the Deed of Trust for the Property. (ECF No. 7-1.) Plaintiffs have not opposed. The Court will also take judicial notice of the publicly recorded Deed of Trust. *See Harris*, 682 F.3d at 1132 ("We may take judicial notice of undisputed matters of public record[.]") (citation omitted).

PHH Defendants finally ask the Court take judicial notice of two letters purportedly sent to Plaintiffs regarding the Property (ECF Nos. 7-8, 7-9) and a copy of an online records search for the name Dennis Kerr (ECF No. 7-12). The Court declines to take judicial notice of these three documents. As to the letters (ECF Nos. 7-8, 7-9), these do not appear to be recorded or otherwise public documents. As to the search results (ECF No. 7-12), while they appear to come from Bonneville County, Idaho's website, they are summaries of recorded documents and not the publicly recorded documents themselves. Thus, it is not clear to the Court that either the search result document or the letters are public records not subject to reasonable dispute. Despite the fact that Plaintiffs have not opposed the Court taking judicial notice of them, the Court declines to do so.

## III.   BACKGROUND

Plaintiffs generally allege that they did a loan modification on an unspecified property, made three required payments, "and then the loan was permanent." (ECF No. 1 at 3.) Then someone from India allegedly added an extra balloon payment of $160,000

to the loan that Plaintiffs never agreed to, so Plaintiffs never signed the modification agreement. (*Id.*) Plaintiffs then allege that they filed a complaint with the Consumer Financial Protection Bureau ("CFPB"), but "the Defendants" lied to the CFPB. (*Id.*) Plaintiffs then allege that they attempted to settle a dispute with the "lawyer handling the case Moorer" and "Aldridge," but apparently these settlement discussions were unsuccessful. (*Id.* at 3-4.) Plaintiffs then allege, apparently following the unsuccessful settlement negotiations, that "PHH Mortgage" sent them a new loan offer. (*Id.* at 4.) From there, Plaintiffs allege that the CFPB told Plaintiffs to sue 'them,' and mention a more than one-billion-dollar lawsuit. (*Id.*)

Plaintiffs proceed to list a series of alleged legal violations (*id.* at 4-5), and then list a series of claims for relief under the heading "First Claim for Relief." (*Id.* at 5.) The claims are for breach of contract, unjust enrichment, breach of covenant, racial animus, violations of the Truth in Lending Act, violations of the Service Members Civil Relief Act, fraud and deceptive practices, and violations of Plaintiffs' due process and equal protection rights. (*Id.* at 5-7.)

Plaintiffs never filed a response to PHH Defendants' motion to dismiss but did later file a motion captioned as a motion for summary judgment. (ECF No. 11.) Plaintiffs' motion for summary judgment provides some more information pertinent to their allegations. Specifically, it includes that the loan number of the mortgage that is presumably the focus of this case is 7145477613. (*Id.* at 2-3.) Plaintiffs also attached some exhibits to their motion for summary judgment. The first exhibit is the first page of a letter that lists the account number 7145477613 near the address 2140 Belmont Ave. Idaho Falls ID 83404-6450. (*Id.* at 11.) Plaintiffs' Exhibit C similarly lists the same account number and property address. (*Id.* at 15.) So does Plaintiffs' Exhibit D. (*Id.* at 17.) Plaintiffs' Exhibit H does as well. (*Id.* at 26.) This allows the Court to conclude that Plaintiffs' lawsuit concerns the Property.

Further, and as noted above, the Court takes judicial notice of certain documents filed by PHH Defendants establishing that this is Plaintiffs' fourth lawsuit about the

3

1    Property alleging wrongful foreclosure and related claims. (ECF Nos. 7-2, 7-3, 7-4, 7-5,

2    7-6, 7-7, 7-10, 7-11.)

3         Plaintiff Terry Kerr filed a lawsuit regarding the Property in Idaho state court in

4    2011 (the "First Case"). (ECF No. 7-2 at 2.) The complaint in the First Case alleged that

5    a loan modification Terry Kerr entered into on the Property was altered from what Terry

6    Kerr agreed to. (*Id.* at 8.) The First Case was removed to federal court, and District Judge

7    Edward L. Lodge of the District of Idaho granted summary judgment to the defendant

8    American Home Mortgage Servicing, Inc., and dismissed Terry Kerr's operative complaint

9    with prejudice. (ECF No. 7-3.) Judge Lodge specifically found that Terry Kerr's allegations

10   that the defendant altered the loan agreement he entered into were not supported by the

11   record. (*Id.* at 5.) Terry Kerr appealed, and the Ninth Circuit affirmed the district court's

12   decision. (ECF No. 7-4.) The Ninth Circuit specifically found that "Kerr failed to raise a

13   genuine dispute of material fact supporting his contention that defendant breached its

14   obligations to Kerr." (*Id.* at 3.)

15        In 2018, Plaintiffs filed another case regarding the Property against Ocwen Loan

16   Servicing LLC and two law firms in the District of Idaho (the "Second Case"). (ECF No. 7-

17   5.) District Judge David C. Nye of the District of Idaho dismissed Plaintiffs' complaint in

18   the Second Case with prejudice primarily because Plaintiffs' "factual allegations are

19   conclusory and lack the necessary specifics that might give Defendants notice of the

20   factual basis of the claims asserted against them[,]" and he had already given Plaintiffs'

21   an opportunity to amend. (ECF No. 7-6 at 6.) Plaintiffs appealed this decision, but the

22   Ninth Circuit affirmed, noting in pertinent part that the district court properly dismissed the

23   Second Case because Plaintiffs "failed to allege facts sufficient to state any plausible

24   claim for relief." (ECF No. 7-7 at 3.)

25        In 2020, Plaintiff Dennis Kerr filed a complaint in Idaho state court against PHH

26   Mortgage Services and some doe defendants regarding the Property (the "Third Case").

27   (ECF No. 7-10 at 4.) In the complaint in the Third Case, Dennis Kerr alleged that Dennis

28   Kerr received a notice of intent to foreclose on the Property from PHH Mortgage Services

4

1   that also gave Dennis Kerr the ability to apply for a modification. (*Id.* at 5.) Dennis Kerr

2   applied for a modification, was told that Dennis Kerr qualified for a modification, but then

3   someone from India changed the terms of what Dennis Kerr thought Dennis Kerr agreed

4   to and added a $160,000 balloon payment. (*Id.*) Dennis Kerr notes this is not what Dennis

5   Kerr agreed to. (*Id.*) Dennis Kerr goes on to allege that this is a hate crime, fraud, an

6   unfair trade practice, tortious interference with a modification contract, a violation of the

7   Bank Holding Act, a violation of the Truth in Lending Act, and a violation of the Racketeer

8   Influenced and Corrupt Organizations Act. (*Id.* at 7-10.)

9       District Judge Joel E. Tingey of the Seventh Judicial District of the State of Idaho,

10   in and for the County of Bonneville, granted PHH Mortgage Services summary judgment

11   in the Third Case. (ECF No. 7-11.) Judge Tingey found the undisputed facts showed the

12   mortgage on the Property has been in default for several years. (*Id.* at 2.) He continued,

13   "[w]hile Kerr qualified for the modification he ultimately determined not to sign the

14   permanent modification agreement, largely it seems because of the balloon payment that

15   would ultimately be required." (*Id.* at 3.) Judge Tingey ultimately found that PHH Mortgage

16   Services took no wrongful action toward Kerr and the evidence did not support his claims.

17   (*Id.* at 4.) "Furthermore, the record does not include any evidence supporting the claims

18   asserted by Kerr." (*Id.* at 5.) Judge Tingey accordingly granted summary judgment to PHH

19   Mortgage Services in the Third Case. (*Id.*) In the same order, Judge Tingey also denied

20   Dennis Kerr's request to add Terry Kerr as a plaintiff to the Third Case. (*Id.*)

21       After Judge Tingey granted PHH Mortgage Services' summary judgment motion,

22   judgment was entered dismissing the case with prejudice and closing it. *See Case*

23   *Information*, CV10-20-2517 | Dennis Kerr Plaintiff, vs. Phh Mortgage Services, Does 1-

24   10     Defendant     (last     visited     November     15,     2021),

25   [https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0#DispositionEven](https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0#DispositionEven)

26   [ts](https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0#DispositionEvents) (by first clicking 'smart search,' then entering in case number

27   CV10-20-2517 to the search bar, completing the Captcha, and clicking search, then

28   clicking on the hyperlinked case number that appears, and then clicking 'disposition

1   events'). The Court takes judicial notice of the fact that the Third Case ended with a final

2   judgment in PHH Mortgage Services' favor *sua sponte* based on the state court docket

3   of that case, accessible on a state government website as noted above. *See Harris*, 682

4   F.3d at 1132 ("We may take judicial notice of undisputed matters of public record[.]").

5       As to Aldridge/Pite LLP, Plaintiffs filed a proof of service stating that Sean

6   O'Callaghan served its representative by dropping a summons and the Complaint in a

7   drop box per COVID rules on April 30, 2021. (ECF No. 10.) Aldridge/Pite LLP has not yet

8   appeared and did not participate in any of the pending briefing.

9   **IV.   LEGAL STANDARD**

10      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

11  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide

12  "a short and plain statement of the claim showing that the pleader is entitled to relief."

13  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

14  Rule 8 does not require detailed factual allegations, it demands more than "labels and

15  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.

16  Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations

17  must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to

18  survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a

19  claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

20  U.S. at 570).

21      In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

22  apply when considering motions to dismiss. First, a district court must accept as true all

23  well-pleaded factual allegations in the complaint; however, legal conclusions are not

24  entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause

25  of action, supported only by conclusory statements, do not suffice. *See id.* Second, a

26  district court must consider whether the factual allegations in the complaint allege a

27  plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's

28  complaint alleges facts that allow a court to draw a reasonable inference that the

1  defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does

2  not permit the Court to infer more than the mere possibility of misconduct, the complaint

3  has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679

4  (alteration in original) (internal quotation marks and citation omitted). That is insufficient.

5  When the claims in a complaint have not crossed the line from conceivable to plausible,

6  the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

7  **V.    DISCUSSION**

8       PHH Defendants raise several arguments in their motion to dismiss, but the Court

9  will only address their claim preclusion argument[3] because the Court finds it dispositive.

10  (ECF No. 6.)

11       To start, however, the Court notes Local Rule LR 7-2(d), which provides, "[t]he

12  failure of an opposing party to file points and authorities in response to any motion, except

13  a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent

14  to the granting of the motion." *Id.* Plaintiffs did not file a response to PHH Defendants'

15  motion to dismiss. This is one reason why the Court is granting the motion to dismiss.

16       The other reason is that this case is precluded as duplicative of at least the Third

17  Case.[4] "Claim preclusion is a broad doctrine that bars bringing claims that were previously

18  litigated as well as some claims that were never before adjudicated." *Clements v. Airport*

19  *Auth. of Washoe Count*y, 69 F.3d 321, 327 (9th Cir. 1995). "Res judicata [claim

20  preclusion] bars all grounds for recovery which could have been asserted, whether they

21  were or not, in a prior suit between the same parties in the same cause of action." *Clark*

22  *v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1319 (9th Cir. 1992) (citation omitted). Under

23  "the Full Faith and Credit Act, federal courts must give state judicial proceedings 'the

24

25  [3]This argument is properly raised in PHH Defendants' motion to dismiss. *See, e.g.*,
   *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006) (affirming the
26  district court's finding on motions to dismiss for failure to state a claim that the plaintiffs'
   claims had been extinguished by a prior judgment on either issue or claim preclusion
27  grounds).

28  [4]It is arguably also redundant of the First and Second cases, but the Court only
   explicitly addresses the Third Case as it is the only case necessary for the Court's
   analysis.

7

1    same full faith and credit ... as they have by law or usage in the courts of [the] State ...

2    from which they are taken.'" *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988)

3    (quoting 28 U.S.C. § 1738) (other citations omitted). The "Act requires federal courts to

4    apply the *res judicata* rules of a particular state to judgments issued by courts of that

5    state." *Id.*

6          In Idaho, there are three elements that must be shown to assert claim preclusion:

7    "(1) the original action ended in final judgment on the merits, (2) the present claim involves

8    the same parties as the original action, and (3) the present claim arises out of the same

9    transaction or series of transactions as the original action." *Monitor Fin., L.C. v. Wildlife*

10   *Ridge Ests., LLC*, 433 P.3d 183, 188 (Idaho 2019) (citation omitted). "When the three

11   elements are established, claim preclusion bars 'every matter offered and received to

12   sustain or defeat the claim *but also as to every matter which might and should have been*

13   *litigated* in the first suit.'" *Id.* (emphasis in original, citation omitted).

14         PHH Defendants have shown that all three claim preclusion requirements are met

15   between the Third Case and this case. First, and as described above in Section III, the

16   Third Case ended with a final judgment in PHH Mortgage Services' favor. (ECF No. 7-

17   11.)

18         As to the second factor, PHH Mortgage Services is one of the PHH Defendants

19   who filed the motion to dismiss in this case. However, there are two other Defendants in

20   this case: Kathryn Moorer, represented by the same counsel as PHH Mortgage Services,

21   and Aldridge/Pite LLP, who has not yet appeared in this case. And in the Third Case,

22   Plaintiff also asserted claims against Doe Defendants 1-10. (ECF No. 7-10 at 4.) In

23   addition, while Dennis Kerr was the only plaintiff in the Third Case, Judge Tingey also

24   denied Dennis Kerr's request to add Terry Kerr as a plaintiff to the Third Case in his order

25   granting summary judgment PHH Mortgage Services' favor. (ECF No. 7-11 at 5.) Thus,

26   while the parties are not exactly the same between the Third Case and this case, there is

27   substantial overlap.

28   ///

1    However, the Court nonetheless finds that the second claim preclusion factor also

2  weighs in favor of finding this case barred. The fact that Terry Kerr requested to intervene

3  in the Third Case, but his request was denied, shows that Terry Kerr was involved in the

4  Third Case to some degree. Judge Tingey also mentioned that Terry Kerr had been

5  declared a vexatious litigant and was therefore precluded from being a plaintiff in that

6  case, which further suggests that Terry Kerr was involved in the Third Case because it

7  offers an explanation as to why Terry Kerr was not initially listed as a plaintiff. (*Id.*) Further,

8  there is no dispute that PHH Mortgage Services is the same party in both cases. In

9  addition, while Moorer and Aldrige/Pite LLP were not listed as defendants in the Third

10  Case, the Third Case also listed Doe Defendants that could be lawyers associated with

11  PHH Mortgage Services, which is what Moorer and Aldrige/Pite LLP appear to be based

12  on the allegations in the Complaint in this case. (ECF No. 1.) The Court accordingly

13  concludes that the parties between the Third Case and this case are sufficiently the same,

14  or in privity with the parties in the Third Case, that this factor also weighs in favor of finding

15  claim preclusion.

16    As to the third factor, the claims in this case arise "out of the same transaction or

17  series of transactions as the original action." *Monitor Fin., L.C., LLC*, 433 P.3d at 188.

18  The Complaint in this case and the complaint in the Third Case both allege that PHH

19  Mortgage Services agreed to a modification regarding the Property, but then a person

20  from India added a $160,000 balloon payment to what Plaintiffs thought they agreed to,

21  so Plaintiffs rejected the modification. (ECF Nos. 1, 7-10, 7-11 (finding undisputed facts

22  highlighting the consistency of the allegations between the two complaints).) While the

23  Complaint is hard to follow, the unique details contained therein match the complaint in

24  the Third Case and therefore lead the Court to conclude that both cases are about the

25  same transaction.

26    Because all three of the claim preclusion factors favor finding this case precluded,

27  the Court finds that claim preclusion bars Plaintiffs' claims and will grant PHH Defendants'

28  Motion to Dismiss. *See Smith v. Accredited Home Lenders, Inc.*, Case No. 2:16-cv-

9

1   00869-MMD-CWH, 2017 WL 3567518, at *2-*3 (D. Nev. Aug. 17, 2017) (finding that claim

2   preclusion barred federal case duplicative of state case); *Robinson v. Nevada Sys. of*

3   *Higher Educ.*, Case No. 3:15-cv-00169-MMD-VPC, 2016 WL 3869846, at *5 (D. Nev. July

4   15, 2016), *aff'd*, 692 F. App'x 377 (9th Cir. 2017) (same); *Hine v. Bank of Am.*, N.A., Case

5   No. 2:12-cv-00220-MMD, 2012 WL 5418295, at *2 (D. Nev. Nov. 2, 2012) (finding that

6   the plaintiff's complaint repetitious of prior federal complaints was barred by the doctrine

7   of claim preclusion).

8          However, Aldridge/Pite LLP did not join the motion to dismiss and has not yet

9   appeared. (ECF No. 10.) The Court will nonetheless dismiss Aldridge/Pite LLP along with

10  PHH Defendants because Aldridge/Pite LLP is similarly situated to PHH Defendants and

11  Plaintiffs' claims against Aldridge/Pite LLP are integrally related to their claims against

12  PHH Defendants. *See Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir.

13  1981); *see also Abaghinin v. Amvac Chem. Corp.*, 545 F.3d 733, 742-743 (9th Cir. 2008);

14  *Chavarria v. Wells Fargo Bank, N.A.*, Case No. CV1503403BROASX, 2015 WL 4768227,

15  at *5 n.4 (C.D. Cal. Aug. 11, 2015) (dismissing claims against defendants who did not file

16  motions to dismiss *sua sponte* in a similar case to this one that the district court found

17  barred by the doctrine of claim preclusion).That means that the Court will dismiss

18  Plaintiffs' Complaint in its entirety.

19         The Court's dismissal of this case is with prejudice. The Court has discretion to

20  grant leave to amend and should freely do so "when justice so requires." Fed. R. Civ. P.

21  15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

22  Nonetheless, the Court may deny leave to amend if it will cause: (1) undue delay; (2)

23  undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party

24  has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See*

25  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Facts raised for

26  the first time in a plaintiff's opposition papers should be considered by the Court in

27  determining whether to grant leave to amend or to dismiss the complaint with or without

28

1
2
prejudice. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001).

3
4
5
6
7
8
9
10
11
The Court will not permit Plaintiffs to file an amended complaint because such amendment would be futile. As explained above, claim preclusion bars Plaintiffs' claims. And Plaintiffs had an opportunity to respond to PHH Defendants' claim preclusion arguments but did not—even were the Court to consider Plaintiffs' summary judgment motion a response to PHH Defendants' motion to dismiss. Plaintiffs' motion for summary judgment does not mention claim preclusion, nor does it include any facts that would allow the Court to determine that this case is based on a different transaction or occurrence than the Third Case. (ECF No. 11.) Thus, Plaintiffs have not filed anything suggesting that it would be anything other than futile to allow them to amend their claims.

12
13
14
15
16
17
The Court further denies Plaintiffs' motion for summary judgment (ECF No. 11) as moot in light of its decision to grant PHH Defendants' motion to dismiss and dismiss this case in its entirety.[5] While it is difficult to decipher, Plaintiffs' motion for summary judgment primarily accuses PHH Defendants of lying about a loan modification process. (*Id.*) It does not appear to raise any separate issues that would remain live considering the Court's finding above that Plaintiffs' claims are barred under the doctrine of claim preclusion.

18
## VI. CONCLUSION

19
20
21
22
The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

23
24
It is therefore ordered that Defendants Kathryn Moorer and New Rez c/o PHH Mortgage Services' motion to dismiss (ECF No. 6) is granted.

25
It is further ordered that this case is dismissed, in its entirety, with prejudice.

26
///

27
28
[5]As noted, Plaintiffs' motion for summary judgment is arguably best characterized as an untimely response to PHH Defendants' motion to dismiss that does not address PHH Defendants' claim preclusion argument.

11

1    It is further ordered that Plaintiffs Terry Kerr and Dennis Kerr's motion for summary

2  judgment (ECF No. 11) is denied as moot.

3    The Clerk of Court is directed to enter judgment accordingly and close this case.

4    DATED THIS 16th Day of November 2021.

5

6

7                                        MIRANDA M. DU
                                         CHIEF UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12